IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50966
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO BURCIAGA-JIMENEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(P-97-CR-100-1)

June 15, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ricardo Burciaga-Jimenez (Burciaga) entered a conditional guilty plea to one count of possession of marijuana with intent to distribute.  See 21 U.S.C. § 841(a)(1).  He appeals his conviction, challenging the district court's denial of his motion to suppress the marijuana found in his automobile at the time of his arrest. Specifically, he contends that the Border Patrol's search violated his Fourth Amendment rights because the Border Patrol did not have a reasonable suspicion of illegal activity when they stopped his

_____

[*]  Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

vehicle.

This court employs a two-tiered standard of review in evaluating a district court's denial of a motion to suppress: findings of fact are accepted unless clearly erroneous and conclusions of law are reviewed de novo.  United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993).  This court reviews the evidence introduced at the suppression hearing in the light most favorable to the prevailing party.  United States v. Ponce, 8 F.3d 989, 995 (5th Cir. 1993).

The totality of the evidence demonstrates that prior to the Border Patrol stopping Burciaga's automobile, the Border Patrol was aware of specific, articulable facts together with rational inferences from those facts.  These facts and inferences raised a reasonable suspicion that Burciaga's automobile was involved in illegal activities.  See United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975); United States v. Inocencio, 40 F.3d 716, 722 (5th Cir. 1994).  Therefore, the district court did not err in denying Burciaga's motion to suppress.

AFFIRMED.